**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:15-CV-00148-RJC-DSC**

| | |
|---|---|
| **RAYMOND A. JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| **EEOC CHARLOTTE DISTRICT** ) | |
| **OFFICE et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on *pro se* Plaintiff Raymond A. Johnson's Motion for Sanctions (document # 19) filed June 22, 2015. This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and is now ripe for disposition. The Court has carefully examined the record, the parties' arguments and the applicable authorities. For the reasons stated in Defendants' Response in Opposition (document #24), the Court respectfully recommends that the Motion be **DENIED** as set forth below.

Plaintiff seeks sanctions against Defendants McKenney Cadillac Chevrolet, Inc. and McKenney Honda R & S Sales, Inc.'s counsel, Michael L. Carpenter and Christopher M. Whelchel. In support of his Motion, Plaintiff recites that Defendants' counsel requested an extension of time to answer his Complaint. He also states that Defendants did not timely file their corporate disclosure statements nor did he receive a copy of their Answer.

Plaintiff's Motion fails to comply with the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina. The Motion was not served upon Defendants or

their counsel twenty-one (21) days in advance of filing as required by Federal Rule of Civil Procedure 11(c)(2). Plaintiff also failed to comply with Local Rule 7.1(B) by not consulting with Defendants' counsel prior to filing the Motion. Finally, the Motion contains no citation or reference to any rules, statutes, or case law nor is it supported by reference or citation to exhibits or sworn statements as required by Local Rule 7.1, Federal Rules of Civil Procedure 11(c)(2) and 7(b).

Aside from these procedural defects, the Motion presents an incoherent argument for relief. The Motion includes numerous *ad hominem* personal attacks against Defendants' counsel that are improper and themselves sanctionable. See e.g. Coats v. Pierre, 890 F.2d 728, 734 (5th Cir. 1989) cert. denied, 498 U.S. 821 (1990)("Abusive language toward opposing counsel has no place in documents filed with our courts; the filing of a document containing such language is one form of harassment prohibited by Rule 11.").

Both Judge Robert J. Conrad, Jr. and Chief Judge Frank D. Whitney have previously admonished Plaintiff for filing frivolous motions in other cases and warned him that similar filings may lead to sanctions and the issuance of a pre-filing injunction order. See Case No. 3:11-cv-389-FDW-DCK, Doc. 18 and Case No. 3:13-cv-485-RJC-DCK, Doc. 18. Consequently, the undersigned respectfully recommends that Plaintiff be ordered to show cause why he has not violated Rule 11(b) and be subject to sanctions.

### IV. **RECOMMENDATION**

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that Plaintiff's Motion for Sanctions, Doc. 19, be **DENIED**. Furthermore, the undersigned respectfully

recommends that the District Judge issue an order that Plaintiff show cause why he has not violated Rule 11(b) and be subject to sanctions.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED**.

Signed: October 8, 2015

David S. Cayer
United States Magistrate Judge