# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-00148-RJC-DSC

| | |
|---|---|
| **RAYMOND A. JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )　　**MEMORANDUM AND** |
| | )　　**RECOMMENDATION** |
| **EEOC CHARLOTTE DISTRICT** | ) |
| **OFFICE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on the "Defendant U.S. Equal Employment Opportunity Commission's Motion to Dismiss," Doc. 17, and the *pro se* Plaintiff's Response, Doc. 20. This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is ripe for determination.

## I.　　FACTUAL AND PROCEDURAL BACKGROUND

Accepting the allegations of the Complaint, Doc. 1, as true, *pro se* Plaintiff Raymond A. Johnson brings this action against the U.S. Equal Employment Opportunity Commission and Reuben Daniels, Jr., District Director for the Charlotte Office (collectively, "EEOC").[1] Plaintiff also names automobile dealerships Keith Hawthorne Hyundai, McKenney Honda R&S Sales,

---

[1] The Complaint does not specify whether Plaintiff is suing defendant Reuben Daniels, Jr. in his individual or official capacity. When an action is brought against an individual defendant but the acts complained of involve actions taken by the defendant in his capacity as an official of the United States, the suit is an official-capacity suit and one against the United States. See Food Town Stores, Inc. v. Equal Employment Opportunity Comm'n, 708 F.2d 920, 922 (4th Cir. 1983). Furthermore, a suit against an EEOC employee in his official capacity is an action against the EEOC itself. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" of which the government official is an agent, because the real party in interest is the government entity).

Inc., and McKenney Cadillac Chevrolet, Inc. as Defendants. Plaintiff brings suit under 28 U.S.C. §§ 1331 and 1342; 42 U.S.C. §§ 1981 and 1985; Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. He also seeks "equitable and other relief" pursuant to 42 U.S.C. 2000e-5(g).

Plaintiff's claims against the EEOC stem from charges he filed against Keith Hawthorne Hyundai, McKenney Honda R&S Sales, Inc., and McKenney Cadillac Chevrolet, Inc. Plaintiff alleges that the dealerships discriminated against him based upon race and age and retaliated when he brought charges. On January 6, 2015, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue letter stating that "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. . . ." Doc. 1, Ex. 1.

Plaintiff also alleges that the EEOC failed to investigate his charges of discrimination against these dealerships in retaliation for his filing a previous lawsuit against the EEOC on August 26, 2013 (Johnson v. Scott Clark Honda, et al., Case No. 3:13-cv-485 (W.D.N.C. 2013)) and for filing a complaint with EEOC headquarters about the Charlotte District Office. He alleges that the EEOC conspired with Keith Hawthorne Hyundai, McKenney Honda R&S Sales, Inc., McKenney Cadillac Chevrolet, Inc., "and other car dealership[s] for financial gain" by purchasing "car's service car" [sic] and conducting other business with these dealerships. Id. at 8. Plaintiff also accuses the EEOC with conspiracy involving Hendrick Honda, Rick Hendrick, Scott Clark Honda, Scott Clark Nissan and "other car dealership[s]." Id. at 13.

The EEOC argues that Plaintiff's Complaint should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. The Motion to

Dismiss has been briefed and is now ripe for review.

## II. STANDARD OF REVIEW

The existence of federal subject matter jurisdiction is a threshold issue. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000)(citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (internal citations omitted). "No party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). A challenge to a court's subject matter jurisdiction may be raised at any time and is properly considered on a motion under Federal Rule of Civil Procedure 12(b)(1). See Fed.R.Civ.P. 12(b)(1) and 12(h).

## III. DISCUSSION OF CLAIMS

Having reviewed the allegations in the Complaint, the undersigned respectfully recommends that this action be dismissed against the EEOC based upon sovereign immunity. It is well established that the United States may not be sued unless sovereign immunity has been waived by statute. United States v. Mitchell, 445 U.S. 535, 538 (1980). This immunity extends to all suits against the United States as well as those against a federal agency or its officials. Federal Deposit Insurance Corporation v. Meyer, 510 U.S. 471, 475 (1994). A waiver of sovereign

immunity cannot be implied and must be unequivocally expressed. Mitchell, 445 U.S. at 538; United States v. King, 395 U.S. 1 (1969).

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, does not confer jurisdiction over claims against the EEOC or its employees where an individual is dissatisfied with the results of an investigation. See Brown v. U.S. E.E.O.C., 4:12-CV-48-BO, 2012 WL 2565039 *2 (E.D.N.C. July 2, 2012) ("Title VII does not permit suits against the EEOC to remedy a plaintiff's dissatisfaction with the agency's treatment of an EEOC charge."); Moore v. New Hanover Cty. Gov't, No. 7:03–CV–195–DEV, 2004 WL 3266045, at *6 (E.D.N.C. Aug. 13, 2004) (citing cases), aff'd, 122 F. App'x 644 (4th Cir. Mar. 4, 2005); Terry v. Dir., Complaint Adjudication Div., U.S. E.E.O.C, 21 F. Supp. 2d 566, 569 (E.D. Va. 1998) ("Courts have uniformly held that no cause of action exists with respect to the EEOC's handling of discrimination claims").

Likewise, the ADEA does not confer jurisdiction over the EEOC here. The ADEA grants federal jurisdiction in Section 7(c), 29 U.S.C. § 626(c), for actions brought by aggrieved persons against employers alleged to have violated the ADEA and in Section 15, 29 U.S.C. § 633a(c), for actions brought by federal employees and applicants for federal employment against an alleged discriminating agency. Neither section provides a jurisdictional basis for an action against the EEOC in its enforcement capacity.

It is also well established that the United States has not consented to suit under the Civil Rights Act, 42 U.S.C. §§ 1981 et seq., which includes sections 1983 and 1985. Jaffer v. National Caucus and Center on Black Aged, 296 F.Supp.2d 639, 643 (M.D.N.C. 2003)(citing Hohri v. United States, 782 F.2d 227, 245 n. 43 (D.C.Cir.1986), vacated on other grounds, 482 U.S. 64 (1987) (concluding in regard to the Civil Rights Act that "[t]hese statutes, by their terms, do not

apply to actions against the United States"); Unimex, Inc. v. United States Dep't of Hous. and Urban Dev., 594 F.2d 1060, 1061 (5th Cir.1979) (per curiam) ("the United States has not consented to suit under the civil rights statutes"); Bernard v. Calejo, 17 F.Supp.2d 1311, 1314 (S.D.Fla.1998) ("As with section 1983, section 1981 does not contain an express waiver of sovereign immunity and thus may not be used against the United States.")); see also Newsome v. EEOC, 301 F.3d 227, 233 (5th Cir. 2002) ("[T]he United States and its officials are entitled to sovereign immunity for the civil rights claims brought by [Plaintiff under 42 U.S.C. § 1985] 'because the United States has not consented to suit under the civil rights statutes.'"); Giles v. EEOC, 520 F. Supp. 1198 (E.D. Mo. 1981) ("[Sections 1981, 1983, and 1985 of Title 42] do not grant jurisdiction; they merely provide a remedy in cases in which jurisdiction is present pursuant to 28 U.S.C. § 1343.").

Plaintiff asserts 28 U.S.C. § 1331 as a jurisdictional basis for his claims. Section 1331 confers jurisdiction over actions that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1994). The statute confers jurisdiction where Congress has explicitly or implicitly created a private right of action independently supporting the plaintiff's claim. See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804 (1986). Plaintiff has failed to point to any statute that would provide him with a cause of action against the EEOC here.

Plaintiff also asserts 28 U.S.C. § 1343 as a jurisdictional basis for his claims. Section 1343 provides a jurisdictional basis for civil rights actions authorized by federal law or brought under the Constitution. McCottrell v. EEOC, 726 F.2d 350, 351 n. 1 (7th Cir. 1983). Section 1343(2) provides a cause of action against any person who fails to prevent or aid in preventing any of the wrongs enumerated in 42 U.S.C. § 1985. There is no provision for a waiver of sovereign immunity by the United States. Salazar v. Heckler, 787 F.2d 527, 529 (10th Cir. 1986); Beale v. Blount, 461 F.2d 1133 (5th Cir. 1972).

Absent a waiver of sovereign immunity, this Court lacks jurisdiction over Plaintiff's claims. See Global Mail Ltd. v. United States Postal Serv., 142 F.3d 208, 210 (4th Cir. 1998) (Defendant, a governmental entity, is entitled to sovereign immunity which deprives the court of jurisdiction).

## IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that "Defendant U.S. Equal Employment Opportunity Commission's Motion to Dismiss" Doc. 17, be **GRANTED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED**.

Signed: October 14, 2015

David S. Cayer
United States Magistrate Judge