# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-00148-RJC-DSC

| | |
|---|---|
| RAYMOND A. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| EEOC CHARLOTTE DISTRICT ) | |
| OFFICE; RUBEN DANIELS JR. ) | |
| DISTRICT DIRECTOR; MCKENNEY ) | |
| HONDA R&S SALES INC.; ) | |
| MCKENNEY CADILLAC ) | |
| CHEVROLET INC.; AND KEITH ) | |
| HAWTHORNE HYUNDAI, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on "Defendant Keith Hawthorne Hyundai's Motion to Dismiss," Doc. 9, and the parties' associated briefs and exhibits, Docs. 10 and 11.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

*Pro se* Plaintiff Raymond A. Johnson ("Plaintiff") initiated this action with the filing of a "Complaint," Doc. 1, on April 7, 2015. The Complaint consists of a five page form Complaint completed by Plaintiff and seventy-two additional pages of attachments. These include Plaintiff's

handwritten "Complaint," right to sue letters, and Equal Employment Opportunity Commission ("EEOC") charges against Defendants Keith Hawthorne Hyundai, Honda McKenney and McKenney Cadillac.

Accepting the allegations of the *pro se* Complaint, Doc. 1, as true, Plaintiff is a sixty-four year old black male. He applied for a sales position with Defendant Keith Hawthone Hyundai ("Defendant") on March 11, 2014. He contacted the dealership several times but never received an interview or a job offer. Plaintiff asserts that younger white salespersons were hired by Defendant in the Spring of 2014. He alleges that Defendant learned of previous charges he filed with the EEOC against other automobile dealerships. He further alleges that Defendant's employees stated that he would not be allowed on the dealership's property because of his previous filings with the EEOC.

On August 25, 2014, Plaintiff filed a Charge of Discrimination against Defendant claiming retaliation and discrimination based upon race and age. That same day, Plaintiff filed similar EEOC charges against Defendants McKenney Honda and McKenney Cadillac. The EEOC issued Plaintiff a Notice of Right to Sue on January 6, 2015. On April 7, 2015, Plaintiff brought this action against the U.S. Equal Employment Opportunity Commission and Reuben Daniels, Jr., District Director for the Charlotte Office and automobile dealerships Keith Hawthorne Hyundai, McKenney Honda R&S Sales, Inc., and McKenney Cadillac Chevrolet, Inc. Plaintiff brings suit under 28 U.S.C. §§ 1331 and 1342; 42 U.S.C. §§ 1981 and 1985; Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. He also seeks "equitable and other relief" pursuant to 42 U.S.C. 2000e-5(g).

Defendant filed this Motion to Dismiss arguing that multiple claims in Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Specifically, Defendant moves to dismiss the following causes of action for failure to state a claim upon which relief can be granted: (1) failure to hire pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); (2) race discrimination in violation of 42 U.S.C. § 1981; (3) failure to hire pursuant to the ADEA; (4) conspiracy pursuant to 42 U.S.C. § 1985(3); (5) civil conspiracy; (6) veteran discrimination; and (7) a claim pursuant to 42 U.S.C. § 1983. The Motion to Dismiss has been briefed and is now ripe for review.

## II. STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

---

[1] Defendant acknowledges in its brief (Doc. 9) that "Plaintiff appears to also be trying to assert a Title VII retaliation claim, and given the lenient pleading standards afforded *pro se* plaintiffs, may have alleged sufficient "facts" in his lengthy complaint to survive a motion to dismiss on such claim. Therefore, Hawthorne Hyundai's motion does not pertain to Title VII retaliation." Doc. 9, fn. 2.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to

assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). As a result, even a *pro se* plaintiff's claim for relief "requires more than labels and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). In light of this authority, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will not survive a motion to dismiss under Rule 12(b)(6).

### III. DISCUSSION OF CLAIMS

Plaintiff's Complaint is rambling and disorganized. It contains various letters, news articles and EEOC documents. The Court has endeavored to determine the relevant facts and claims that Plaintiff has alleged against Defendant.

**A. Racial Discrimination Claims**

To establish a prima facie case for discrimination in hiring, Plaintiff must show: (1) he is a member of a protected class; (2) the employer had an open position for which he applied; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. Mackey v. Shalala, 360 F.3d 463, 468 (4th Cir. 2004).

In Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002), the Supreme Court held that "an employment discrimination plaintiff need not plead a prima facie case of discrimination ... to survive [a] motion to dismiss," because "[t]he prima facie case ... is an evidentiary standard, not a pleading requirement." However, Swierkiewicz was decided before Iqbal and Twombley. In McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582 (4th Cir. 2015), the Fourth Circuit recently

examined the sufficiency of factual allegations required to withstand a motion to dismiss in a Title VII failure to hire case in light of Iqbal and Twombly. The plaintiff, a black female, applied for two open positions in the Highway Administration's Environmental Compliance Division. She was ultimately rejected for both jobs. Id. at 583. On appeal, the Fourth Circuit found that Swierkiewicz remained binding precedent, and the "the district court erred in its analysis by requiring [the plaintiff] to plead facts establishing a prima facie case of discrimination to survive a motion to dismiss." Id. at 585. However, the Court held that Plaintiff's claim was properly dismissed under the standards set forth in Twombly. The Court reasoned that while plaintiff need not plead a prima facie case of discrimination, she must still state a claim that "is plausible on its face." McCleary–Evans, 780 F.3d at 585 (quoting Iqbal, 556 U.S. at 678). To state a plausible claim of discrimination, a plaintiff is "required to allege facts to satisfy the elements of a cause of action created by that statute." Id.

The Fourth Circuit concluded that "[t]he allegation that the [company] did not hire her because its decision makers were biased is simply too conclusory. Only speculation can fill the gaps in her complaint – speculation as to why two 'non-Black' candidates" were selected to fill the position instead of her." Id. at 586. The Court went on to say that "the cause that [Plaintiff] asks us to infer (i.e., invidious discrimination) is not plausible in light of the "'obvious alternative explanation'" that the decision makers simply judged those hired to be more qualified and better suited for the positions. Id. at 588 (quoting Iqbal, 556 U.S. at 682).

Although Plaintiff's Complaint exceeds seventy pages, the only factual assertions supporting the alleged racial discrimination by Defendant are that (1) Plaintiff is black and (2) white salespersons were hired at the dealership. Plaintiff offers nothing else to support his conclusory allegations. Discrimination cannot be inferred merely because one candidate is

selected over another. Plaintiff has not pled adequate facts to give rise to a reasonable inference of discrimination. Therefore, this claim should be dismissed. "[N]aked assertions devoid of further factual enhancement" are not sufficient to survive a motion to dismiss." Iqbal, 556 U.S. at 678.

The analysis in a Title VII claim applies equally to a cause of action brought pursuant to 42 U.S.C. § 1981. See Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 133 n.7 (4th Cir. 2002) (recognizing that the elements of a discrimination claim are the same under both Title VII and Section 1981). Accordingly, since Plaintiff has not stated a plausible claim for racial discrimination, his Section 1981 cause of action also fails.

**B. ADEA Claim**

To maintain an ADEA claim, Plaintiff must demonstrate that: "(1) he was a member of a protected class, i.e., he was at least 40 years old; (2) his employer had an open position for which he applied and was qualified; (3) he was rejected despite his qualifications; and (4) the position remained open or was filled by a similarly qualified applicant who was substantially younger than the plaintiff, whether within or outside the class protected by the ADEA." Laber v. Harvey, 438 F.3d 404, 430 (4th Cir. 2006).

Plaintiff's factual allegations are that (1) he is 64 years old and (2) younger salespersons were hired. He does not allege that a position was available at the time of his application nor does he address the qualifications of the persons hired. Plaintiff offers nothing to support his conclusory allegations. His Complaint does not show any nexus between his age and any employment decision by Defendant. See Bullock v. Spherion, 3:10-CV-465, 2011 WL 169933, at *11-12 (W.D.N.C. May 16, 2011) (dismissing pro se ADEA claims in part because complaint was devoid of any allegation that age was the "but for" cause of plaintiff's injuries).

## C. Conspiracy Claims

To adequately state a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must establish: "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995). The Fourth Circuit has rejected section 1985 claims where the purported conspiracy is alleged in a conclusory manner, without supporting facts. Id. at 1377.

An essential element of a section 1985 claim is the defendants' agreement or meeting of the minds to violate plaintiff's constitutional rights. Id. This element cannot be shown with mere conclusory allegations. See Francis v. Giacomelli, 588 F.3d 186, 196-97 (4th Cir. 2009) (dismissing section 1985(3) claim that contained no factual support for the conspiracy alleged).

Here, Plaintiff has made general and conclusory statements regarding a conspiracy. There are no well plead facts to show the existence of a conspiracy. There is nothing in his Complaint indicating that Defendant agreed with any other Defendants, or had a meeting of the minds about any common scheme. Plaintiff's Complaint fails to state a claim and should be dismissed.

For a civil conspiracy claim, there must be (1) an agreement between two or more persons; (2) to do an unlawful act, or to do a lawful act in an unlawful way; (3) resulting in injury to the Plaintiff; and (4) pursuant to a common scheme. Strickland v. Hendrick, 669 S.E.2d 61, 72 (N.C. App. 2008). Civil conspiracy does not exist as an independent cause of action. Sellers v. Morton, 661 S.E.2d 915, 922 (N.C. Ct. App. 2008). "Only where there is an underlying claim for unlawful conduct can a plaintiff state a claim for civil conspiracy by also alleging the agreement of two or

more parties to carry out the conduct and injury resulting from that agreement." Id. (quotations omitted).

Plaintiff has not alleged facts showing an agreement or meeting of the minds between Defendant and any other party. Plaintiff has not stated a civil conspiracy claim that is plausible on its face and this claim should be dismissed.

**D. Other Potential Claims**

Plaintiff makes a vague allegation of discrimination based upon his veteran status. Doc. 1 at 41. ("I been . . . [veteran] discrimination"). Given the conclusory nature of this lone statement, Plaintiff has not adequately stated a claim for relief based upon his veteran status. Plaintiff's Complaint also cites 42 U.S.C. § 1983. Any section 1983 claim fails because Plaintiff has not alleged any wrongdoing by someone acting under color of state law. See Clark v. Link, 855 F.2d 156, 161 (4th Cir. 1998) (An essential element of a section 1983 claim is that "the defendant was acting under color of state law in the actions complained of.").

Plaintiff's Complaint is comprised of precisely the sort of "unadorned, the defendant unlawfully harmed me accusations" that the Supreme Court recognized as insufficient to survive a motion to dismiss in Iqbal. Id. (quoting Twombly, 550 U.S. at 555). The undersigned respectfully recommends that Defendant's Motion to Dismiss be granted.

**IV. <u>RECOMMENDATION FOR SANCTIONS</u>**

The Court possesses the inherent power "to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. Nasco, Inc., 501 U.S. 32, 44–45 (1991). Sanctions under the Court's inherent power are appropriate where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. at 45–46. Plaintiff has abused his status as a pro se

litigant by repeated inclusion of irrelevant material and personal accusations in his filings with this Court. For example, in his Response, Plaintiff states

> Keith Hawthorne Hyundai alleged in my opinion could not get another law firm to represents them in North Carolina so they went to South Carolina a state that fly's the confederate flag over the state building and got a back wood hen house law firm to broad brush (2) steam roller (3) lay a trap and ambush me (4) put a monkey wech in the wheel's of justice (5) lay blameless when they knew that they violated the rules of professional conduct.

Doc. 10 at 11. He then accuses defense counsel of giving the Court "gobbledygook statements with hearsay he say she say just putting mud on the wall hoping some will stick circusing the wagon kicking the can's putting up an alleged smoke screen." Id. at 13.

Plaintiff's personal attacks against counsel are improper and sanctionable. See e.g., Coats v. Pierre, 890 F.2d 728, 734 (5th Cir. 1989) cert. denied, 498 U.S. 821 (1990)("Abusive language toward opposing counsel has no place in documents filed with our courts; the filing of a document containing such language is one form of harassment prohibited by Rule 11."). Consequently, the undersigned respectfully recommends that Plaintiff be ordered to show cause why he should not be sanctioned for violating Rule 11(b).

## V. RECOMMENDATION FOR PRE-FILING INJUNCTION

"[T]he All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants...." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). One means of limiting access is a pre-filing injunction, a "drastic remedy" that courts should employ "sparingly." Id. It may be warranted under "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Id. at 818. (citation and internal quotation marks omitted). There are no exceptions for *pro se* litigants. Armstrong v. Koury Corp., 16 F. Supp.2d 616, 620 (M.D.N.C. 1998).

Plaintiff is a frequent litigator in this District and has a history of frivolous filings. See, e.g. Johnson v. Hendrick Automotive Grp. and Hendrick Honda, 3:10-cv-109 (W.D.N.C.) (Johnson I); Johnson v. Hendrick Automotive Grp and Hendrick Honda, 3:11-cv-389 (W.D.N.C. 2011) (Johnson II); Johnson v. Ogletree et. al., 3:11-cv-391 (W.D.N.C. 2011) (Johnson III); Johnson v. Scott Clark Honda, 3:13-cv-485 (W.D.N.C. 2013) (Johnson IV). The Court has recognized the unnecessary burden that Plaintiff's litigiousness places on the judicial system stating, "Plaintiff's duplicative filings and repeated motions for reconsideration place a substantial burden on the Court's limited judicial resources and on Defendants who must respond." Johnson II, (Doc. 18, p. 6). Judge Robert J. Conrad, Jr. and Chief Judge Frank D. Whitney have previously admonished Plaintiff for filing frivolous motions and warned him that similar filings may lead to sanctions and the issuance of a pre-filing injunction order. See Johnson II, Doc. 18 and Johnson III, Doc. 18.

Based upon Plaintiff's filings in this case and the Court's previous warnings in four other cases in this District, the undersigned respectfully recommends that Plaintiff be ordered to show cause why he should not be subject to a pre-filing injunction order.

## VI. **RECOMMENDATION**

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that Defendant Keith Hawthorne Hyundai's Motion to Dismiss, Doc. 9, be GRANTED. In addition, the undersigned respectfully recommends that Plaintiff be ordered to show cause why he has not violated Rule 11(b) and why a pre-filing injunction order should not be entered.

## VII. **NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file

objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, counsel for Defendant; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: October 28, 2015

David S. Cayer
United States Magistrate Judge