UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-148-RJC-DSC

| RAYMOND A. JOHNSON, | ) |
| --- | --- |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| EEOC CHARLOTTE DISTRICT OFFICE, | ) |
| RUBEN DANIELS, JR., KEITH | ) |
| HAWTHORNE HYUNDAI, MCKENNEY | ) |
| HONDA R&S SALES, INC., and MCKENNEY | ) |
| CADILLAC CHEVROLET, INC., | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** comes before the Court on: (1) Defendant Keith Hawthorne Hyundai's ("Hawthorne Hyundai") Motion to Dismiss and supporting memoranda, (Doc. Nos. 9, 9-1, 11); (2) Defendants U.S. Equal Employment Opportunity Commission and District Director of the EEOC Charlotte District Office Reuben Daniels, Jr.'s (collectively, "EEOC") Motion to Dismiss and supporting memoranda, (Doc. No. 17); (3) Defendants McKenney Cadillac Chevrolet, Inc. and McKenney Honda R&S Sales, Inc.'s (collectively, "McKenney") Motion to Dismiss and supporting memoranda, (Doc. Nos. 28, 28-1, 35); (4) pro se Plaintiff Raymond A. Johnson's ("Plaintiff") responses in opposition to each motion to dismiss, (Doc. Nos. 10, 18, 20, 32); (5) Plaintiff's Motion for Sanctions against McKenney's attorneys Christopher M. Welchel and Michael L. Carpenter and supporting memoranda, (Doc. Nos. 19, 25); (6) McKenney's Motion for Sanctions Against Plaintiff and supporting memoranda, (Doc. Nos. 33, 39); (7) the Magistrate Judge's Memorandum and Recommendation ("M&R") as to each motion, (Doc. Nos. 26, 27, 31, 36, 44); (8) Plaintiff's objections and/or response to each M&R, (Doc. Nos. 34, 30,

29, 41), and (9) Plaintiff's Motion for Telephonic Conference, (Doc. No. 40).

I.  **BACKGROUND**

Plaintiff initiated this action with the filing of a "Complaint" on April 7, 2015. (Doc. No. 1). The Complaint consists of a five page form complaint completed by Plaintiff and seventy-two additional pages of attachments. These include Plaintiff's handwritten Complaint, random letters and news articles, right to sue letters, and EEOC charges against Hawthorne Hyundai and McKenney.

Accepting the allegations of the pro se Complaint as true, Plaintiff is a sixty-four year old black male. He applied for a sales position with Defendant McKenney Honda R&S Sales ("R&S")[1] on March 10, 2014. He contacted the dealership several times but never received an interview or a job offer. In June 2014, Plaintiff allegedly learned that younger white salespersons had been hired. He speculates that R&S learned of previous charges he filed with the EEOC against other automobile dealerships.

Also on March 10, 2014, Plaintiff applied for a sales position with Defendant McKenney Cadillac Chevrolet[2] ("McKenney Chevrolet"). He contacted the dealership several times but never received an interview or a job offer. In May 2014, Plaintiff allegedly learned that younger white salespersons had been hired. He speculates that McKenney Chevrolet also learned of previous charges he filed with the EEOC against other automobile dealerships.

On March 11, 2014, Plaintiff applied for a sales position with Hawthorne Hyundai.

---

[1] Plaintiff filed his EEOC Charge against Honda McKenney. He filed his Complaint against McKenney Honda R&S Sales Inc. Defendant asserts that these are not legal entities and that the correct entity is R&S Sales, Inc.
[2] Plaintiff filed his EEOC Charge against McKenney Cadillac. He filed his Complaint against McKenney Cadillac Chevrolet, Inc. Defendant asserts that these are not legal entities and that the correct entity is McKenney Chevrolet, Inc.

Again, he contacted the dealership several times but never received an interview or a job offer. Plaintiff asserts that younger white salespersons were hired by Hawthorne Hyundai in the spring of 2014. He speculates that Hawthorne Hyundai also learned of previous charges he filed with the EEOC against other automobile dealerships. He further alleges that Hawthorne Hyundai's employees stated that he would not be allowed on the dealership's property because of his previous filings with the EEOC.

On August 25, 2014, Plaintiff filed multiple Charges of Discrimination against Hawthorne Hyundai, R&S, and McKenney Chevrolet claiming retaliation and discrimination based upon race and age. The EEOC issued Plaintiff a Notice of Right to Sue on January 6, 2015. On April 7, 2015, Plaintiff brought this action against the EEOC, Reuben Daniels, Jr., District Director for the EEOC Charlotte Office, Hawthorne Hyundai, R&S, and McKenney Chevrolet. Plaintiff's Complaint is difficult to interpret, and the alleged causes of action are not clearly identified or delineated. Giving his Complaint the most liberal construction, however, Plaintiff alleges jurisdiction in this Court under 28 U.S.C. §§ 1331 and 1343, and he asserts the following claims: (1) Failure to Hire pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. § 2000e; (2) Retaliation pursuant to Title VII; (3) Race Discrimination in violation of 42 U.S.C. § 1981; (4) Failure to Hire pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; (5) Conspiracy pursuant to 42 U.S.C. § 1985(3); (6) Civil Conspiracy under state law; (7) Veteran Discrimination; and (8) a claim pursuant to 42 U.S.C. § 1983. He also seeks "equitable and other relief" pursuant to 42 U.S.C. § 2000e-5(g).

Hawthorne Hyundai filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) on April 30, 2015. (Doc. No. 9). The EEOC filed its Motion to

Dismiss pursuant to FRCP 12(b)(1) and 12(b)(6) on June 9, 2015. (Doc. No. 17). Plaintiff filed his Motion for Sanctions against McKenney's attorneys on June 22, 2015. (Doc. No. 19). R&S and McKenney Chevrolet (collectively, "McKenney") filed their Motion to Dismiss pursuant to FRCP 12(b)(6) on October 23, 2015. (Doc. No. 28). McKenney filed its Motion for Sanctions Against Plaintiff on November 13, 2015. (Doc. No. 33). Finally, Plaintiff filed his Motion for Telephonic Conference on December 14, 2015. (Doc. No. 40). All motions have been fully briefed and are ripe for adjudication.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

The standard of review for a motion to dismiss is well known and well-stated in the

M&R.  It tests the legal sufficiency of a complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009).  Facial plausibility means allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

The Court is mindful of the latitude extended to the pleadings of pro se litigants.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers).  However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint.  Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).  As a result, even a pro se plaintiff's claim for relief "requires more than labels and conclusions."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Like plaintiffs who are represented by counsel, a pro se plaintiff must still "allege facts sufficient to state all the elements of [a] claim."  Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).  In light of this authority, conclusory statements with insufficient factual allegations, even when asserted by pro se plaintiffs, will not survive a motion to dismiss under Rule 12(b)(6).

### III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall

make a de novo determination of any portion of an M&R to which specific written objection has been made.  A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).  Similarly, a party's "general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations" are not entitled to de novo review.  Orpiano, 687 F.2d at 47.

  A. M&R Addressing Hawthorne Hyundai's Motion to Dismiss

On October 28, 2015, the Magistrate Judge entered an M&R, (Doc. No. 31), addressing Hawthorne Hyundai's Motion to Dismiss, (Doc. Nos. 9), and the parties' associated briefs and exhibits.  This M&R recommends that Hawthorne Hyundai's Motion to Dismiss be granted and that Plaintiff be ordered to show cause why he has not violated Rule 11(b) and why a prefiling injunction order should not be entered.  (Doc. No. 31 at 11).  Plaintiff filed an "Opposition to the Memorandum and Recommendation in part" on November 16, 2015.  (Doc. No. 34).  Although his filing consisted of fifty-four pages, including, among other things, random letters and news articles, irrelevant cases, and an unexecuted Confidential Settlement Agreement and Release, the Court finds that Plaintiff failed to make any specific objection to or direct the Court to any specific error in the M&R.  Plaintiff merely alleges that the Magistrate Judge "got it wrong" and recites legal conclusions such as his "claim state[s] a claim upon which relief can be granted." (Doc. No. 34 at 4–5).  Nevertheless, the Court conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved.  Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge related to

Hawthorne Hyundai's Motion to Dismiss as its own.[3]

Hawthorne Hyundai acknowledged in its brief that, given the lenient pleading standards afforded pro se plaintiffs, Plaintiff may have alleged sufficient facts for his Title VII retaliation claim against Hawthorne Hyundai to survive a motion to dismiss. (Doc. No. 9 at 1, fn.2). Therefore, Hawthorne Hyundai's motion did not pertain to that claim, and that claim against Hawthorne Hyundai is the only claim that is not dismissed by this Order. As discussed below, however, the Court will consider whether this last remaining claim should be dismissed as a sanction for Plaintiff's conduct in bringing and prosecuting this litigation.

B. <u>M&R Addressing the EEOC's Motion to Dismiss</u>

On October 14, 2015, the Magistrate Judge entered an M&R, (Doc. No. 27), addressing the EEOC's Motion to Dismiss, (Doc. No. 17), and the parties' associated briefs and exhibits. This M&R recommends that the EEOC's Motion to Dismiss be granted. (Doc. No. 27 at 6). On October 27, 2015, Plaintiff filed his "Response in Support of Memorandum and Recommendation." (Doc. No. 30). In his "Response in Support," Plaintiff thanks the Magistrate Judge "for being nice and kind to [him]," and he states that he supports the M&R. (<u>Id.</u> at 1–2). No objection to the M&R having been filed, and the time for doing so having passed, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, the Court has conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge related to the EEOC's Motion to Dismiss as its own.

---

[3] The Court further addresses the Magistrate Judge's recommendation as to sanctions against Plaintiff in Section III.F below.

C. M&R Addressing Plaintiff's Motion for Sanctions

On October 9, 2015, the Magistrate Judge entered an M&R, (Doc. No. 26), addressing Plaintiff's Motion for Sanctions, (Doc. No. 19), and the parties' associated briefs and exhibits. This M&R recommends that Plaintiff's Motion for Sanctions be denied and that Plaintiff show cause why he should not be subject to sanctions for his violations of Rule 11(b). (Doc. No. 26 at 2–3). Plaintiff filed an "Opposition to Memorandum and Recommendation" on October 26, 2015. (Doc. No. 29). Again, Plaintiff failed to make any specific objection to or direct the Court to any specific error in the M&R. Plaintiff only re-alleges that McKenney discriminated against him and asserts that McKenney's response to his motion "is just a smoke screen and a dog whistle trying to take the court [sic] mind from the real in-sight [sic] of the situation in the case." (Doc. No. 29 at 6). Again, the Court has conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge related to Plaintiff's Motion for Sanctions as its own.[4]

D. M&R Addressing McKenney's Motion to Dismiss

On December 1, 2015, the Magistrate Judge entered an M&R, (Doc. No. 36), addressing McKenney's Motion to Dismiss, (Doc. No. 28), and the parties' associated briefs and exhibits. This M&R recommends that McKenney's Motion to Dismiss be granted. (Doc. No. 36 at 10). Plaintiff filed his "Response Objections to the Memorandum and Recommendation in Full Every Part" on December 18, 2015. (Doc. No. 41). Again, Plaintiff's "Response" is rambling and

---

[4] The Court further addresses the Magistrate Judge's recommendation as to sanctions against Plaintiff in Section III.F below.

disorganized and contains no specific objection to or indication of any specific error in the M&R, and therefore, Plaintiff is not entitled to de novo review. However, the Court has conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge related to McKenney's Motion to Dismiss as its own.

   E.  M&R Addressing McKenney's Motion for Sanctions Against Plaintiff

On January 6, 2016, the Magistrate Judge entered an M&R, (Doc. No. 44), addressing McKenney's Motion for Sanctions Against Plaintiff, (Doc. No. 33), and the parties' associated briefs and exhibits. This M&R recommends that McKenney's Motion for Sanctions be denied as duplicative. (Doc. No. 44 at 2). No objection to the M&R having been filed, and the time for doing so having passed, the parties have waived their right to de novo review of any issue covered in the M&R. The Court, however, conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge related to McKenney's Motion for Sanctions Against Plaintiff as its own.

   F.  Magistrate Judge's Recommended Sanctions and Injunction Against Plaintiff

The Court now addresses the Magistrate Judge's recommendations in two M&R's, (Doc. Nos. 26, 31), that Plaintiff be sanctioned for violating FRCP 11(b) and that a prefiling injunction be entered against Plaintiff. The Court possesses the inherent power "to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. Nasco, Inc., 501 U.S. 32, 44–45 (1991). Such sanctions may consist of the outright dismissal of a lawsuit and the

assessment of attorney's fees.  Id.  Sanctions are appropriate where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. at 45–46.

Furthermore, "the All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants . . . ." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004).  One way to limit access is through a prefiling injunction.  Although such a remedy should be used "sparingly," it is appropriate under "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Id. at 818.  While a separate hearing or opportunity to be heard is not usually required before imposing Rule 11 sanctions, Green v. Foley, 907 F.2d 1137 (4th Cir. 1990), a court "must afford a litigant notice and an opportunity to be heard" before issuing a prefiling injunction against him. Cromer, 390 F.3d at 819.  When determining whether to issue a prefiling injunction, the Court must consider:

> all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id.  "'Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011) (unpublished) (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

As to the foregoing factors, the Court has noted on several occasions that Plaintiff is a frequent litigator in this District and that he has a history of frivolous, duplicative filings dating back to 2010.  See, e.g., Johnson v. Hendrick Automotive Grp. and Hendrick Honda, No. 3:10-cv-109-FDW (W.D.N.C. 2010) (Johnson I); Johnson v. Hendrick Automotive Grp. and Hendrick Honda, No. 3:11-cv-389-FDW (W.D.N.C. 2011) (Johnson II); Johnson v. Ogletree, Deakins,

Nash, Smoak & Stewart, P.C. et al., No. 3:11-cv-391-MOC (W.D.N.C. 2011) (Johnson III); Johnson v. Scott Clark Honda et al., No. 3:13-cv-485-RJC (W.D.N.C. 2013) (Johnson IV). Plaintiff's first three actions, Johnson I, Johnson II, and Johnson III, all arose from the same core alleged conduct. Johnson II, (Doc. No. 18 at 5). Similarly in this case, Plaintiff brings nearly identical claims based upon a nearly identical fact pattern against similar or the same parties as his action in Johnson IV. Specifically, Plaintiff's complaint in Johnson IV, which consisted of 74 pages of disjointed, hand-written ramblings as well as irrelevant letters and documents, asserted claims of conspiracy, discrimination (age and race), and retaliation against an auto dealership and its general manager, the law firm and attorney who represented the auto dealership, the EEOC Charlotte Office and one of its employees, and Reuben Daniels, Jr. Johnson IV, (Doc. No. 1). Throughout the rulings in the Johnson cases, the Court has outlined Plaintiff's history of filings in this judicial District and in at least two other states, reflecting a lack of respect for the judicial process. See Johnson II, (Doc. No. 18 at 6 n.4). This case is no different. Consequently, the Court finds that Plaintiff's history of litigation supports the imposition of a prefiling injunction.

Prior to instituting this action, Plaintiff unsuccessfully brought four other similar actions based upon similar fact patterns. In Johnson I, Plaintiff's complaint, which contained similar claims, was dismissed at the summary judgment stage. Johnson I, (Doc. No. 99). Plaintiff appealed the Court's decision to the United States Court of Appeals for the Fourth Circuit, and it was affirmed. Id., (Doc. No. 137). In Johnson II, Plaintiff's complaint, which was identical to his complaint in Johnson I, was dismissed upon initial review by the Court. Johnson II, (Doc. No. 18). Plaintiff appealed, and the decision was affirmed. Id., (Doc. No. 22). In Johnson III, Plaintiff's complaint was dismissed at the motion to dismiss stage. Johnson III, (Doc. No. 24).

Again, Plaintiff appealed, and that decision was affirmed. Id., (Doc. No. 31). Finally, in Johnson IV, with the exception of one claim against one of the seven defendants,[5] Plaintiff's complaint was dismissed at the motion to dismiss stage. Johnson IV, (Doc. No. 53). Again, Plaintiff appealed the Court's decision, and the Fourth Circuit affirmed. Id., (Doc. No. 59). Given the utter failure of success on the merits in his previous actions, Plaintiff was on notice that such baseless accusations as those alleged in this case do not give rise to a valid, actionable lawsuit. Accordingly, the Court finds that Plaintiff lacked a good faith basis for pursuing this litigation.

In Plaintiff's prior cases, the Court has noted the extensive burden that Plaintiff's litigation places on the judicial system. "Plaintiff's duplicative filings and repeated motions for reconsideration place a substantial burden on the Court's limited judicial resources and on Defendants who must respond." Johnson II, (Doc. No. 18 at 6). In addition to a motion to appoint counsel, motions for transcripts at government expense, and a motion for sanctions, Plaintiff filed nine motions for reconsideration and amended motions for reconsideration in Johnson I. In Johnson I, II, and III, Plaintiff was allowed to proceed in forma pauperis. In Johnson II, III, and IV, Plaintiff filed four motions for recusal. In Johnson IV, Plaintiff filed two motions for sanctions, two motions to appoint counsel, and a motion for a telephonic conference to reconsider two of the Court's orders. Moreover, most of Plaintiff's filings are frivolous and incoherent. The Court finds that Plaintiff's filings are a burden on judicial and other parties' resources.

Finally, the warning of sanctions in the past has not deterred Plaintiff's litigious conduct

---

[5] This claim against Scott Clark Honda was subsequently settled before the case proceeded any further. Johnson IV, (Doc. No. 54).

to this point.  In Johnson I, the Court declined to impose Rule 11 sanctions on Plaintiff based on (1) Plaintiff's insolvency, (2) Plaintiff's pro se status, and (3) the fact the defendants in that action prevailed on their counterclaim for breach of the settlement agreement and were entitled to $20,000 in damages.  Johnson I, (Doc. No. 99 at 14).  The Court expressed its hope in that case that the damages award would allow Plaintiff to "grasp the unfortunate impact of bringing such a baseless action" and "strongly caution[ed] Plaintiff that the Court will not be so lenient in subsequent cases."  Id.  However, Plaintiff continues his pattern of vexatious, harassing, and duplicative lawsuits undeterred by the Court's past admonishments.  Consequently, it appears to the Court that sanctions are necessary in this case.

Plaintiff is hereby warned again that the Court is considering and may impose sanctions against him, including, but not limited to, an award of attorneys' fees to the defendants, dismissal of any remaining claims, and a prefiling injunction.  Plaintiff shall have **fourteen (14) days** to explain why such sanctions should not be imposed against him.  This shall constitute Plaintiff's final notice and opportunity to be heard on this matter.  Cromer, 390 F.3d at 819. (requiring notice and an opportunity to be heard before issuing a prefiling injunction).  In the event that Plaintiff fails to respond or fails to articulate good cause why sanctions should not be imposed, the Court <u>will</u> enter an Order sanctioning Plaintiff in one or more of the aforementioned ways.

Defendants are directed to submit itemized documentation with supporting affidavits of all reasonable costs, fees, and expenses incurred in this action within **fourteen (14) days** of this Order for the Court to consider in its determination of whether to impose sanctions against Plaintiff.

  G.  Plaintiff's Motion for Telephonic Conference

Finally, Plaintiff filed a Motion for Telephone Conference on December 14, 2015.  (Doc.

No. 40). In the motion, Plaintiff seems to allege that counsel for the defendants have violated the Rules of Professional Conduct related to the mailing of documents to him, that Magistrate Judge David S. Cayer is "showing great personal bias, and giving personal favors to the defendants," and that personnel in the Clerk of Court's office are lying about his filings. (Id.). Defendants responded to Plaintiff's Motion, (Doc. Nos. 42, 43), and Plaintiff replied, (Doc. Nos. 45, 46). The facts and legal contentions for Plaintiff's Motion for Telephone Conference, as well as every other motion addressed in this Order, are adequately presented in the materials before the court and oral argument or a telephone conference would not aid the decisional process.

The Court finds that Plaintiff's Motion fails to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. The Motion contains no citation or reference to any applicable rule, statute, or caselaw to support the Motion, and it does not indicate what relief Plaintiff is requesting nor what rule entitles him to relief. Furthermore, similar to many of Plaintiff's other filings in this case, his Motion contains numerous personal attacks against those involved in this litigation, including Judge Cayer. Plaintiff's personal attacks are improper and sanctionable. See e.g., Coats v. Pierre, 890 F.2d 728, 734 (5th Cir. 1989) ("Abusive language toward opposing counsel has no place in documents filed with our courts; the filing of a document containing such language is one form of harassment prohibited by Rule 11.").

The Court finds that Plaintiff continues to abuse his status as a pro se litigant and continues to make serious allegations and threats without any factual support. Such filings are frivolous, vexatious, and improper, and they continue to waste the Court's time and force the defendants to spend unnecessary legal fees to respond to Plaintiff's attacks. Consequently, Plaintiff's Motion for Telephone Conference is **denied**, and Plaintiff is ordered to show cause why sanctions should not be imposed against him for this filing.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 31), is **ADOPTED**;

2. The Magistrate Judge's M&R, (Doc. No. 27), is **ADOPTED**;

3. The Magistrate Judge's M&R, (Doc. No. 26), is **ADOPTED**;

4. The Magistrate Judge's M&R, (Doc. No. 36), is **ADOPTED**;

5. The Magistrate Judge's M&R, (Doc. No. 44), is **ADOPTED**;

6. Defendant Keith Hawthorne Hyundai's Motion To Dismiss, (Doc. No. 9), is **GRANTED**, and all claims addressed in that Motion are **DISMISSED**, leaving only the Title VII Retaliation claim against Hawthorne Hyundai remaining;

7. Defendants U.S. Equal Employment Opportunity Commission and District Director of the EEOC Charlotte District Office Reuben Daniels, Jr.'s (collectively, "EEOC") Motion to Dismiss, (Doc. No. 17), is **GRANTED,** and all claims against these defendants are dismissed;

8. Plaintiff's Motion for Sanctions, (Doc. No. 19), is **DENIED**;

9. Defendants McKenney Cadillac Chevrolet, Inc. and McKenney Honda R&S Sales, Inc.'s Motion To Dismiss, (Doc. No. 28), is **GRANTED,** and all claims against these defendants are dismissed;

10. Defendants McKenney Cadillac Chevrolet, Inc. and McKenney Honda R&S Sales, Inc.'s Motion for Sanctions Against Plaintiff, (Doc. No. 33), is **DENIED as duplicative**;

11. Plaintiff's Motion for Telephonic Conference, (Doc. No. 40), is **DENIED**;

12. Plaintiff shall show cause why sanctions should not be imposed against him,

including, but not limited to, an award of attorneys' fees to the defendants, dismissal of any remaining claims, and a prefiling injunction. Plaintiff has **fourteen (14) days** from the entry of this Order within which to provide the Court with good cause why sanctions should not be imposed. If Plaintiff fails to respond or fails to provide good cause within **fourteen (14) days** from the entry of this Order, the Court will enter an Order sanctioning Plaintiff.

13. Defendants shall have **fourteen (14) days** from the filing of Plaintiff's response to this show cause Order within which to reply to Plaintiff's response; and

14. Defendants are directed to submit itemized documentation with supporting affidavits of all reasonable costs, fees, and expenses incurred in this action to the Court within **fourteen (14) days** of this Order.

Signed: February 3, 2016

Robert J. Conrad, Jr.
United States District Judge