UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00148-RJC-DSC

| RAYMOND A. JOHNSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | **ORDER** |
| EEOC CHARLOTTE DISTRICT OFFICE, | ) |  |
| RUBEN DANIELS, JR., KEITH | ) |  |
| HAWTHORNE HYUNDAI, MCKENNEY | ) |  |
| HONDA R&S SALES, INC., and MCKENNEY | ) |  |
| CADILLAC CHEVROLET, INC., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** comes before the Court upon pro se Plaintiff Raymond A. Johnson's ("Plaintiff") Response to the Court's Order to show cause, (Doc. No. 53); Defendant Keith Hawthorne Hyundai's ("Hawthorne Hyundai") Affidavit of Costs, Attorneys' Fees, and Expenses and supporting exhibit, (Doc. Nos. 50, 50-1); Defendants McKenney Cadillac Chevrolet, Inc. and McKenney Honda R&S Sales, Inc.'s (collectively, "McKenney") Affidavit of Attorneys' Fees and supporting exhibit, (Doc. Nos. 51, 51-1); Hawthorne Hyundai's Reply to Plaintiff's Response and Supplement to the Reply, (Doc. Nos. 57, 59); and McKenney's Reply to Plaintiff's Response, (Doc. No. 58).

## I. BACKGROUND

The background of this case has been well documented in the Magistrate Judge's five memoranda and recommendations, (Doc. Nos. 26, 27, 31, 36, 44), as well as this Court's February 3, 2016 Order ("Show Cause Order" or "Order"), (Doc. No. 49). The Court, therefore, will not recapitulate the facts again here and will add only the following for clarity and to account for the

filings since the Show Cause Order.

The Order warned Plaintiff that the Court was considering imposing sanctions against him and directed Plaintiff to show cause as to why sanctions should not be imposed. (Id.). The Order also directed Defendants to submit documentation of all reasonable costs, fees, and expenses incurred in defending against this action. (Id.). Hawthorne Hyundai filed its Affidavit and supporting exhibit on February 16, 2016, which detailed its fees, costs, and expenses totaling $18,668.60. (Doc. Nos. 50, 50-1). On February 17, 2016, McKenney filed its Affidavit and supporting exhibit, which detailed its fees, costs, and expenses totaling $19,537.37. (Doc. Nos. 51, 51-1).

On February 17, 2016, Plaintiff filed his Response to the Show Cause Order. (Doc. No. 53). The same day, Plaintiff appealed the Order by filing a Notice of Appeal. (Doc. No. 54). Hawthorne Hyundai replied to Plaintiff's Response on March, 1, 2016, (Doc. No. 57), and then supplemented its reply on April 8, 2016, (Doc. No. 59). McKenney replied to Plaintiff's Response on March 2, 2016. (Doc. No. 58). On May 19, 2016, the United States Court of Appeals for the Fourth Circuit granted Hawthorne Hyundai's Motion to Dismiss Appeal, and Plaintiff's appeal was dismissed for lack of jurisdiction. (Doc. Nos. 60, 60-1).

## II.   DISCUSSION

Federal Rule of Civil Procedure 11(b) provides, in pertinent part:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

  (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

  (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing

existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Upon motion or on its own, the Court may impose sanctions on a party if it finds that the party has violated Rule 11(b). Fed. R. Civ. P. 11(c). While "pro se pleadings and filings are granted a degree of indulgence not extended to lawyers when a court considers the imposition of Rule 11 sanctions," pro se litigants must still abide by Rule 11, and they may be sanctioned for its violation. Peggs v. Ingle, No. 1:09-cv-327, 2009 WL 3208420, at *3 (M.D.N.C. Sept. 20, 2009). The Court possesses statutory and inherent power "to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. Nasco, Inc., 501 U.S. 32, 44–45 (1991). Such sanctions may consist of the outright dismissal of a lawsuit and the assessment of attorneys' fees. Id. Sanctions are appropriate where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. at 45–46. The determination of what is "appropriate" is left to the discretion of the district court; however, "the least severe sanction adequate to serve the purpose [of Rule 11] should be imposed." Cabell v. Petty, 810 F.2d 463, 466 (4th Cir. 1987) (internal quotation marks omitted). "[T]he primary, or 'first' purpose of Rule 11 is to deter future litigation abuse." In re Kunstler, 914 F.2d 505, 522 (4th Cir. 1990). The "other purposes of the rule include compensating the victims of the Rule 11 violation, as well as punishing present litigation abuse, streamlining court dockets and facilitating court management." Id.

Furthermore, "the All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants . . . ." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). One way to limit access is through a prefiling injunction. Although such a remedy should be used "sparingly," it is appropriate under "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing

meritless and repetitive actions." Id. at 818. While a separate hearing or opportunity to be heard is not usually required before imposing Rule 11 sanctions, Green v. Foley, 907 F.2d 1137 (4th Cir. 1990), a court "must afford a litigant notice and an opportunity to be heard" before issuing a prefiling injunction against him. Cromer, 390 F.3d at 819.

Given Plaintiff's extensive history of frivolous, duplicative litigation; his malicious, bad faith conduct in this litigation, and his total disregard for the Court's previous admonishments, the Court finds that Plaintiff's conduct violates Rule 11(b) and warrants the imposition of sanctions. Accordingly, the Court will impose sanctions against Plaintiff in the form of (1) dismissal of Plaintiff's last remaining claim with prejudice; (2) an award of fees and costs to Defendants as a monetary sanction; and (3) a prefiling injunction.

A. Dismissal of Remaining Claim

First, the Court finds that a sanction in the form of dismissal of Plaintiff's last remaining claim against Hawthorne Hyundai is appropriate to punish Plaintiff's present litigation abuse, streamline the Court's docket, and facilitate court management. Plaintiff's seventy-one-page Complaint, liberally construed, asserted eight claims against five defendants. (Doc. Nos. 1, 49 at 3). After the Magistrate Judge issued five M&R's, (Doc. Nos. 26, 27, 31, 36, 44), the Show Cause Order addressed each defendant's motion to dismiss, and dismissed every claim against Defendants with the exception of Plaintiff's Title VII Retaliation claim against Hawthorne Hyundai. (Doc. No. 49 at 15). Despite past warnings and admonishments, and despite being wholly unsuccessful on the merits in any of his previous cases, Plaintiff has continued to abuse the litigation process by filing baseless claims in bad faith. Therefore, the Court will sanction Plaintiff by dismissing his Title VII Retaliation claim against Hawthorne Hyundai with prejudice. This action, therefore, will be dismissed altogether with prejudice.

B. <u>Monetary Sanctions</u>

Next, the Court finds that monetary sanctions are necessary to deter future litigation abuse and to compensate Defendants for Plaintiff's Rule 11 violations. When a monetary award is issued, the district court must consider four factors to determine the appropriate amount: "(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation." In re Kunstler, 914 F.2d at 523.

The Court has reviewed Hawthorne Hyundai's and McKenney's affidavits of fees and costs. (Doc. Nos. 50, 51). The Court has also reviewed all of Plaintiff's filings in this case. Even taking into consideration Plaintiff's pro se status, virtually every claim presented in Plaintiff's Complaint and every filing made by Plaintiff in this case contain some violation of Rule 11. Furthermore, Plaintiff's filings demonstrate his failure to conduct a reasonable prefiling investigation of fact or law as well as the frivolous, vexatious nature of this litigation as a whole. The Court finds that, out of the fees and costs submitted by Defendants, all of the stated hours were expended and all of the identified costs were incurred as a result of and in response to Plaintiff's frivolous Complaint and vexatious filings. Consequently, the Court finds that an award of the full amount of Defendants' fees and expenses is reasonable under the circumstances. The Court further finds Defendants' hourly rates, the hours spent, and the costs and expenses incurred litigating this matter to be reasonable.[1] Accordingly, the Court finds both Hawthorne Hyundai's fees and costs of $18,668.60 and McKenney's fees and costs of $19,372.37 to be reasonable.

---

[1] The Court, however, declines to award fees for work done by legal assistants. See Sheffer v. Experian Info. Sols., Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003) ("Since the costs of clerical work, such as filing and copying, are ordinarily considered to be part of an attorney's rate as office overhead, they will not be compensated."). This results in a $165.00 reduction in McKenney's total fees.

The Court next considered the minimum monetary sanction necessary to effectively deter future litigation abuse by Plaintiff, or others similarly situated, alongside Plaintiff's ability to pay monetary sanctions. In light of Plaintiff's serial and blatant disregard for the Court's warnings, the Court finds that an award of the full amount of Defendants' fees and expenses is appropriate in this case. Given Plaintiff's limited financial resources, however, it appears that such an amount may be more than sufficient to deter future abuse of the litigation system. Although "'[i]nability to pay what the court would otherwise regard as an appropriate sanction should be treated as reasonably akin to an affirmative defense, with the burden upon the parties being sanctioned to come forward with evidence of their financial status[,]' . . . [a] court should refrain from imposing a monetary award so great that it will bankrupt the offending parties . . . ." In re Kunstler, 914 F.2d at 524 (quoting White v. Gen. Motors Corp., 908 F.2d 675, 685 (10th Cir. 1990)). Plaintiff has made no showing that he is unable to pay the amounts sought by Defendants. The only argument Plaintiff offers regarding his ability to pay is his statement that: "I draw social security benefit each month any sanction would cause hardship to me [sic]." (Doc. No. 53 at 8). While such a statement, unsupported by any additional evidence, is insufficient to show Plaintiff's inability to pay the full amount of Defendants' fees and expenses, the Court is cognizant of Plaintiff's pro se status and the fact that he has been allowed to proceed in forma pauperis in three of his previous cases. Johnson v. Hendrick Automotive Grp. and Hendrick Honda, No. 3:10-cv-109-FDW (W.D.N.C. 2010) (Doc. No. 7) (Johnson I); Johnson v. Hendrick Automotive Grp. and Hendrick Honda, No. 3:11-cv-389-FDW (W.D.N.C. 2011) (Doc. No. 3); Johnson v. Ogletree, Deakins, Nash, Smoak & Stewart, P.C. et al., No. 3:11-cv-391-MOC (W.D.N.C. 2011) (Doc. No. 3). In fact, Judge Whitney declined to impose Rule 11 sanctions on Plaintiff in Johnson I based, in part, upon Plaintiff's insolvency. Johnson I, (Doc. No. 99 at 14). However, the Court also notes

that, despite his stated financial status, Plaintiff paid the $400 filing fee for this lawsuit as well as his last lawsuit. (Doc. No. 1); Johnson v. Scott Clark Honda et al., No. 3:13-cv-485-RJC (W.D.N.C. 2013) (Doc. No. 1). On balance, the Court finds that the minimum monetary sanction necessary to effectively deter future litigation abuse coupled with Plaintiff's inability to pay a large monetary sanction weigh against an award of the full amount of Defendants' fees and expenses.

Finally, the Court considered other factors related to the severity of Plaintiff's Rule 11 violations, such as Plaintiff's history, the presence of malice or bad faith, and the outrageous and scandalous nature of Plaintiff's claims and pleadings. In re Kunstler, 914 F.2d at 524–25. Plaintiff's history of duplicative litigation and frivolous filings has been well documented and thoroughly discussed. (Doc. No. 49 at 10–13). Plaintiff's continued inflammatory language, baseless allegations, and threatening conduct in this case are clear indications that malice and bad faith contributed to Plaintiff's violations of Rule 11. Moreover, Plaintiff's repeated inclusion of scandalous and indecent accusations in his filings and communications is itself a strong indication that an improper purpose underlies his filings. Fed. R. Civ. P. 11, advisory comm. notes to 1983 Amendments. In total, these considerations suggest that a sanction of the full amount of Defendants' fees and expenses is appropriate.

The severity of Plaintiff's conduct, his history of duplicative, vexatious filings, and his continued disregard for the Court's orders all indicate that Plaintiff should be sanctioned for the full amount of Defendants' fees and costs. Considering all the factors, however, Plaintiff's inability to pay such a large amount convinces the Court that a sanction of the full amount of fees and costs would be more than the minimum monetary sanction necessary in this situation. Accordingly, having considered all the factors, the Court finds that a sanction in the amount of $9,510.00 is the appropriate sanction adequate to accomplish the purposes of Rule 11. Of that

total, $4,667.00 shall be paid to Hawthorne Hyundai and $4,843.00 shall be paid to McKenney. The sanctions award will be entered as a judgment against Plaintiff.

   C. Prefiling Injunction

Finally, when determining whether to issue a prefiling injunction, the Court must consider:

all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Cromer, 390 F.3d at 818. Because of due process concerns, a prefiling injunction must be "narrowly tailored to fit the specific circumstances at issue" in each case. Id. "'Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011) (unpublished) (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

The Court previously analyzed the above Cromer factors in the Show Cause Order. (Doc. No. 49). The Court discussed Plaintiff's history of frivolous, duplicative filings dating back to 2010, noted his lack of respect for the judicial process, and found that his history supports the imposition of sanctions, including a prefiling injunction. (Id. at 10–11). The Court then discussed how, prior to instituting this action, Plaintiff had unsuccessfully litigated four other substantially similar actions based upon similar fact patterns; therefore, Plaintiff was on notice that such baseless accusations as those alleged in this case do not give rise to a valid, actionable lawsuit. Accordingly, the Court found that Plaintiff lacked a good faith basis for pursuing this litigation. (Id. at 12). Next, the Court examined the extensive burden Plaintiff's litigation places on the judicial system. The Court found that most of Plaintiff's filings are frivolous and incoherent and that his "duplicative filings and repeated motions for reconsideration place a substantial burden on the

Court's limited judicial resources and on defendants who must respond." (Id.). Finally, the Court noted that Plaintiff has continued his pattern of vexatious, harassing, and duplicative lawsuits undeterred by the Court's past admonishments. Accordingly, the first three Cromer factors weigh heavily in favor of the imposition of a prefiling injunction against Plaintiff. Therefore, the Court warned Plaintiff that sanctions appear to be necessary in this case, including the imposition of a prefiling injunction. (Id.).

In light of those findings, Plaintiff was given notice and an opportunity to be heard on the matter. Cromer, 390 F.3d at 819. Plaintiff was also warned that his failure to respond or failure to articulate good cause why sanctions should not be imposed would result in sanctions being imposed against him, including, but not limited to, an award of attorneys' fees to the defendants, dismissal of any remaining claims, and a prefiling injunction. (Id. at 13). Plaintiff responded on February 17, 2016, (Doc. No. 53); however, he failed to articulate any cause as to why sanctions should not be imposed. Instead of addressing the concerns raised by the Court regarding his filings and history of bringing meritless claims, Plaintiff continued his practice of attacking and threatening the Court and opposing counsel.[2] Plaintiff again accuses the Court, its employees, and defense counsel of unethical, racist, biased, and retaliatory acts against him. (Doc. No. 53 at 2, 4).

---

[2] It appears Plaintiff also continued his baseless, unsupported personal attacks by sending threatening letters to opposing counsel. For example, Plaintiff sent a letter to counsel for Hawthorne Hyundai on April 7, 2016, accusing counsel of ethical violations and "premeditated violation" of Court Rules and demanding that counsel "give [him] a good reason why [he] shouldn't ask the North Carolina State Bar to refer the case to the Disciplinary Hearing Commission" because he "believe[s] the conduct is serious enough for disbarred [sic] from practicing law." (Doc. No. 59-1 at 1–2). A party may be sanctioned for bad faith conduct in litigation even when such conduct does not occur directly before the court. See Chambers, 501 U.S. at 44. Plaintiff's threatening letters are harassing and further demonstrate Plaintiff's use of the judicial system in bad faith. See Nelson v. Eaves, 140 F. Supp. 2d 319, 322–23 (S.D.N.Y. 2001) (sanctioning pro se plaintiff who wrote "abusive, demeaning, and threatening letters" to opposing counsel because they revealed the plaintiff's malice and intent to harass).

He states that the Show Cause Order is "unconstitution unhinged offensive and outlandish giving the opposing counsel special treatment, hostile and egregious treatment of litigants to the pro se [sic]." (Doc. No. 53 at 4). Such conduct alone violates Rule 11 and warrants the imposition of sanctions. See e.g., Coats v. Pierre, 890 F.2d 728, 734 (5th Cir. 1989) ("Abusive language toward opposing counsel has no place in documents filed with our courts; the filing of a document containing such language is one form of harassment prohibited by Rule 11."). Moreover, Plaintiff initiated additional frivolous litigation in the form of an interlocutory appeal of the Court's Order to the Fourth Circuit, which was summarily dismissed for lack of jurisdiction. (Doc. No. 60). Plaintiff's Response and other filings and communications since the Show Cause Order are yet more examples of Plaintiff's malicious, wanton behavior. They demonstrate Plaintiff's continued refusal to heed the warnings of the Court as well as his continued pattern of conduct that exhausts the limited resources of the Court and the opposing litigants.

Regarding the fourth Cromer factor, the Court has considered the adequacy of alternative sanctions and concludes that a prefiling injunction is warranted in this case. Although Plaintiff states in his Response that he "will never file a good faith case in this Court again,"[3] (Doc. No. 53 at 7–8), he also indicates his intention to file additional frivolous and harassing collateral litigation in this Court by, among other things, "filing civil right violation by this court alleging violation of [his] constitutional rights 1st Amendment 5th Amendment 14th Amendment been denied equality rights and was not protection of anti-discrimination Jim Crow Law [sic]," (Id. at 2). In addition to the Court's warning in this case, Plaintiff has been warned about his litigious conduct on multiple occasions in the past. See, e.g., Johnson I, (Doc. Nos. 99, 132). Despite repeated warnings, however, Plaintiff has continued his improper conduct. There is no indication that Plaintiff's

---

[3] Notably, Plaintiff does not vow to never file another "bad faith case."

pattern of filing meritless, vexatious actions will cease in the future, and Plaintiff's Response to the Show Cause Order indicates that he is unable or unwilling to recognize or explain the nature of his conduct. The Court finds, therefore, that Plaintiff's vexatious litigation is likely to continue and that he is likely to continue abusing the judicial process and harassing other parties. Consequently, the Court finds that exigent circumstances exist, and only sanctions that include a prefiling injunction will adequately protect the judicial process and other parties from Plaintiff's continued improper conduct.

Therefore, Plaintiff shall be prohibited from filing any further documents or lawsuits whatsoever in the Western District of North Carolina, (excepting only any notice of appeal of this Order), directly or indirectly, which (i) are against any defendant or any counsel for any defendant involved in this case or any previous case Plaintiff has litigated in this District; (ii) are against any defendant similar to those involved in this case;[4] (iii) touch on any matter raised before the Court in this case or any previous case Plaintiff has litigated in this District; or (iv) seek to litigate claims similar to those asserted in this case against any defendant,[5] without leave of court.

This prefiling injunction against Plaintiff shall remain in place until Plaintiff has paid all monetary sanctions awarded herein to Defendants. This injunction is not an outright ban on Plainitiff's rights to file any more documents. Rather, it is narrowly tailored to address Plaintiff's specific abuse of the judicial system, and the terms of the injunction provide Plaintiff with specific

---

[4] Similar defendants include any vehicle dealership, any employee of the Equal Employment Opportunity Commission, and any law firm or attorney that represents or has represented any such defendant.

[5] Similar claims include any employment discrimination claims including, but not limited to, the following: (1) any claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; (2) any claims under 42 U.S.C. §§ 1981 to 1981a; (3) any claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; (4) any claims under 42 U.S.C. § 1985; (5) any claim for civil conspiracy under state law; (6) any claims for veteran discrimination under any act; and (7) any employment discrimination claims under 42 U.S.C. § 1983.

means by which he may end the injunction.

Upon Plaintiff's satisfaction of all monetary sanctions, and if he wishes to request that the injunction be lifted, Plaintiff shall submit to the Clerk of Court: (i) an "Application to Lift Prefiling Injunction;" (ii) affidavits from Defendants or other supporting documents showing that Plaintiff has paid all sanctions in full; and (iii) a copy of this Order imposing the prefiling injunction. If, during the pendency of the prefiling injunction, Plaintiff wishes to initiate any new litigation in this District Court, he must submit to the Clerk of Court: (i) an "Application for Leave to File Suit in Federal Court;" (ii) a copy of this Order imposing the prefiling injunction; (iii) a copy of any proposed complaint or pleading; and (iv) a separate dated and notarized declaration or affidavit certifying that the matters raised in the new filing have never before been raised or disposed of on the merits by any state or federal court.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the following sanctions shall be imposed against Plaintiff:

1. Plaintiff's Title VII retaliation claim against Hawthorne Hyundai is **DISMISSED with prejudice**.
2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED with prejudice**.
3. Plaintiff is **SANCTIONED** for his violations of Rule 11 in the amount of $9,510.00, which represents a portion of the fees and costs Defendants have incurred litigating this matter. Of that amount, Hawthorne Hyundai is awarded $4,667.00, and McKenney is awarded $4,843.00. The sanctions award shall be entered as a judgment against Plaintiff, and the Clerk of Court is respectfully directed to enter such a judgment in accordance with this Order.

4. Until Plaintiff pays the sanction in full, Plaintiff is **ENJOINED** from filing any further documents or lawsuits whatsoever in the Western District of North Carolina, (excepting only any notice of appeal of this Order), directly or indirectly, which (i) are against any defendant or any counsel for any defendant involved in this case or any previous case Plaintiff has litigated in this District; (ii) are against any defendant similar to those involved in this case; (iii) touch on any matter raised before the Court in this case or any previous case Plaintiff has litigated in this District; or (iv) seek to litigate claims similar to those asserted in this case against any defendant, without leave of court.

5. If, during the pendency of the prefiling injunction, Plaintiff wishes to initiate any new litigation in this District Court, he must submit to the Clerk of Court: (i) an "Application for Leave to File Suit in Federal Court;" (ii) a copy of this Order imposing the prefiling injunction; (iii) a copy of any proposed complaint or pleading; and (iv) a separate dated and notarized declaration or affidavit certifying that the matters raised in the new filing have never before been raised or disposed of on the merits by any state or federal court. Should Plaintiff file such an Application, complete with all supporting documents as indicated above, the Clerk is respectfully directed to submit the Application to the Court for consideration. The Court will then review Plaintiff's proposed filing and decide whether it will be permitted.

6. After Plaintiff has paid all monetary sanctions imposed by this Order, and if he wishes to request that the injunction be lifted, Plaintiff shall submit to the Clerk of Court: (i) an "Application to Lift Prefiling Injunction;" (ii) affidavits from Defendants or other supporting documents showing that Plaintiff has paid all sanctions in full; and (iii) a copy of this Order imposing the prefiling injunction.

7. Plaintiff is cautioned that violations of the injunctive provision of this Order may constitute contempt of court and be subject to civil and criminal penalties, including imprisonment.

Signed: June 27, 2016

Robert J. Conrad, Jr.
United States District Judge